UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WMCV PHASE, LLC, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:12-cv-01454-RCJ-PAL |
| TUFENKIAN CARPETS LAS VEGAS, LLC et al., | ) | **ORDER** |
| Defendants. | ) | |

This case arises out of the alleged breach of a commercial lease. Defendants have moved to dismiss, and Plaintiff has moved to remand and to amend. For the reasons given herein, the Court grants the motion to remand and denies the remaining motions for lack of jurisdiction.

## I.   PROCEDURAL HISTORY

A May 3, 2012 state court order recounts the complex procedural history of this case. (*See* Order, May 3, 2012, ECF No. 14, at 17). Plaintiff WMCV Las Vegas, LLC ("WMCV") filed the Complaint for breach of contract in state court against Tufenkian Import Export Ventures, Inc. ("TIEV") on June 26, 2009. (*Id.* 1). WMCV later filed the First Amended Complaint ("FAC") in state court against Tufenkian Carpets Las Vegas ("TCLV"). (*Id.* 2). The state court entered a default judgment against TCLV in late 2010, and it amended the judgment in early 2011. (*Id.*). After discovering that TCLV was a shell entity for TIEV, Plaintiff filed the

1  Second Amended Complaint ("SAC") in state court to add TIEV as a Defendant once again.
2  (*Id.*). On December 22, 2011, Plaintiff filed the Third Amended Complaint ("TAC") in state
3  court to add James Tufenkian ("Tufenkian") as a Defendant. (*Id.* 3). Plaintiff served TIEV and
4  Tufenkian with the TAC before receiving leave of the state court to file the TAC. (*Id.*). Plaintiff
5  filed a motion to amend in state court on February 6, 2012, requesting leave to plead claims for
6  breach of the covenant of good faith and fair dealing, fraud, and alter ego against TIEV and
7  Tufenkian. (*Id.*). The state court struck both the SAC and the TAC, (*see id.* 6), but permitted
8  Plaintiff to file what Plaintiff had termed the "Third Amended Complaint" as the Second
9  Amended Complaint, (*see id.*). The state court order was signed on April 25, 2012 and entered
10 into the electronic docket on May 3, 2012.

11 **II.    LEGAL STANDARDS**

12     Any case over which the district courts would have original jurisdiction may be removed
13 from a state court. *See* 28 U.S.C. § 1441(a). The notice of removal must be filed within the
14 shorter of: (1) thirty days after the defendant receives a copy of the complaint, via service or
15 otherwise; or (2) thirty days after the defendant is served with a summons if the complaint has
16 already been filed in court and needn't be served. *Id.* § 1446(b). All properly joined and served
17 defendants must join in or consent to removal. *Id.* § 1446(b)(2)(A). An amended complaint may
18 not be removed based upon diversity more than one year after commencement of the action,
19 unless the district court finds that the plaintiff has acted in bad faith in order to prevent removal.
20 *Id.* § 1446(c)(1) (citing *id.* § 1446(b)(3)).

21 **III.   ANALYSIS**

22     Tufenkian removed on August 16, 2012, and all other Defendants have consented to
23 removal. In the Notice of Removal, Tufenkian avers that he was served with the Summons and
24 Second Amended Complaint through his counsel on July 30, 2012. (*See* Notice of Removal ¶ 5,
25 Aug. 16, 2012). Plaintiff, however, alleges that it served both non-defaulted Defendants

(Tufenkian and TIEV) with a copy of the Summons and TAC on January 11, 2012. Plaintiff adduces affidavits of service in support. (*See* Affs. of Service, Jan. 12, 2012, ECF No. 14, at 25–26). It is not disputed that Plaintiff served Tufenkian on January 11, 2012—more than thirty days before Tufenkian removed—with a copy of what Plaintiff at that time had termed the "Third Amended Complaint." The state court struck that pleading, but it was substantively identical to the Second Amended Complaint that the state court later gave Plaintiff permission to file on May 3, 2012.

The question presented is which date of service controls for the purposes of the removal statute: the date of service of a pleading that a state court later strikes for having been improperly filed without leave, or the date of service of a substantively identical pleading that a state court later gives leave to file. In other words, so long as a state court eventually permits a plaintiff to file an amended complaint, is the previous service of a substantively identical pleading retroactively effective for the purposes of starting the removal clock even if the state court strikes that pleading? The answer is undoubtedly "no," and the Court rules that the date of service of the properly filed pleading controls. The service of the TAC in January 2012 was therefore inapposite to the time for removal. Defendants were served in January 2012 with a document of no legal significance. Because the document served in January 2012 was stricken as improper, it was simply not a "pleading" under 28 U.S.C. § 1446(b), and the time to remove under that provision did to begin to run. The "Third Amended Complaint" served upon Defendants in January 2012 in essence amounted to a notice of intent to amend the complaint, but such a notice is not a "pleading." The time to remove did not begin to run until Plaintiff served Defendants with a proper pleading, i.e., with leave of the state court where needed, on July 30, 2012. Defendants cannot be expected to have removed within thirty days of being served with a fugitive pleading that the state court later struck. Defendants need not forfeit the right to challenge or ignore an improperly filed pleading in state court lest they lose the ability to remove.

1  Plaintiff also argues that removal of the Second Amended Complaint was untimely
2 because Defendants removed an amended version of the Complaint based upon diversity more
3 than one year after commencement of the action.  The Court agrees.  The original Complaint was
4 filed in June 2009, well over a year before removal.  Removal of the amended version of the
5 Complaint was based purely upon diversity.  The one-year rule can be avoided only if the Court
6 finds that Plaintiff acted in bad faith to prevent removal under the rule, i.e., if Plaintiff
7 deliberately avoided joining and serving Tufenkian until a year after joining and serving other
8 Defendant(s) so that Tufenkian would have no opportunity to remove, even if removal would be
9 otherwise available.  The Court finds no bad faith.  The state court judge refused to find that
10 Plaintiff acted in bad faith by waiting to name Tufenkian as a Defendant, because Plaintiff did
11 not learn until some time after February 10, 2011 (well over a year after filing the original
12 Complaint) that Tufenkian may have been an alter ego of other Defendants. (*See* Order 5).
13 Although that finding is not binding on this Court, the reasoning is persuasive, and the Court
14 agrees.
15  Defendants argue that the one-year rule does not apply.  Section 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading
> is not removable, a notice of removal may be filed within 30 days after receipt by the
> defendant, through service or otherwise, of a copy of an amended pleading, motion,
> order or other paper from which it may first be ascertained that the case is one which
> is or has become removable.

19 28 U.S.C. § 1446(b)(3).  In other words, subject to subsection (c), when a case not previously
20 removable becomes removable by virtue of an amendment to the complaint, defendants have
21 thirty days to remove the complaint as amended, just as they have thirty days to remove
22 complaints that are initially removable. *Compare id.*, *with id.* § 1446(b)(1).  As § 1446(b)(3)
23 warns, subsection (c) puts an additional restriction upon the removal of cases based purely on
24 diversity under § 1332; in such cases, removal can never occur more than one year after the
25 initial complaint is filed, unless the plaintiff has acted in bad faith to prevent removal:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

*Id.* § 1447(c)(1).

Defendants argue that the one-year rule is only applicable in cases where the initial complaint was not removable, and they argue that the initial Complaint here was in fact removable. This argument does not aid Defendants. If it is true, as Defendants argue, that the original Complaint was itself removable, then removal of the current amended version of the Complaint is simply not available to Defendants under § 1446(b)(3), and the analysis stops there. In other words, it is true that the one-year rule only applies to cases that are not initially removable, but that is because removal of an amended complaint is only available where the initial complaint is not removable, and in such cases the one-year rule applies as an exception. Subsection (b)(1) gives defendants thirty days to remove. Subsection (b)(3) provides for a new thirty-day "clock" when a previously unremovable complaint becomes removable after amendment. Subsection (c)(1) restricts subsection (b)(3)-type removals with a one-year limitation from the filing of the initial complaint. If the initial complaint is removable, the defendants get thirty days under subsection (b)(1) to remove it, period. Only if the initial complaint is *not* removable can a defendant invoke subsection (b)(3) upon amendment, subject to the one-year rule in subsection (c)(1). The fact that subsection (c)(1) will never be invoked where an initial complaint is removable (because the initial removability of a complaint obviates recourse to subsection (b)(3) or, in turn, (c)(1)), does not mean that subsection (b)(3) is available if the initial complaint was removable. If the Complaint in this case was removable from inception, as Defendants argue it was, the analysis stops with subsection (b)(1), and Defendants have no recourse to subsection (b)(3), obviating Plaintiff's need to invoke subsection (c)(1). On the other hand, if the Complaint was not removable from inception but only became removable

after amendment, subsection (b)(3) applies, but so does subsection (c)(1), which bars removal in this case in the absence of bad faith, which the Court does not perceive.

Plaintiff also argues that there is no diversity jurisdiction because Defendant TCLV is not diverse with Plaintiff. TCLV incorrectly argues as if LLCs are treated like corporations for the purposes of diversity, i.e., that their citizenship is that of their place of incorporation and the state of their principal place of business. But LLCs are in fact treated like partnerships for the purposes of diversity. *Johnson v. Colombia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Plaintiff is a Delaware LLC with its principal place of business in Nevada. *See* Nevada Secretary of State, Nevada Business Search (Sept. 18, 2012, 10:02 A.M.), http://nvsos.gov/sosentitysearch/CorpSearch.aspx. Plaintiff's managing member is WMCV Phase 3 Acquiror, LLC, a Delaware LLC with managing member Las Vegas Acquisition Co., LLC. *See id.* Las Vegas Acquisition Co., LLC is a Delaware LLC with managing member IMC LV REIT LLC. *See id.* IMC LV REIT LLC is a Delaware LLC with managing member International Market Centers, LP. *See id.* International Market Centers, LP is a Delaware limited partnership with one general partner, International Market Centers CP, LLC, which is not registered in Nevada. *See id.* "International Market Centers CP, LLC" is likely a typographical error for "International Market Centers GP, LLC," which is a Delaware LLC whose members' identities are not publically available. *See* Delaware Department of State, Division of Corporations (Sept. 18, 2012, 10:18 A.M.), https://delecorp.delaware.gov/tin/controller. The available evidence therefore does not indicate Plaintiff's state(s) of citizenship because Plaintiff is an LLC, and the member of each successive LLC is another LLC, the identities of the natural persons or corporations who are members of the "top" LLC are not publically available, and Plaintiff has neither presented evidence of nor alleged the identity of such persons or corporations. Tufenkian has properly alleged that he and the other Defendants are citizens of

1  New York.  In summary, it is simply unclear whether there is diversity jurisdiction here.  The

2  Court must resolve the doubt in favor of remand.  *See, e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th

3  Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979))

4  ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

5  instance.").  Because there is doubt as to complete diversity, and because this diversity action

6  was removed over a year after the original Complaint was amended in state court, the Court

7  grants the motion to remand and denies the remaining motions for lack of jurisdiction.

8        Plaintiff requests attorney's fees and costs related to the present motion to remand.  *See* 28

9  U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any

10 actual expenses, including attorney fees, incurred as a result of the removal.").  No bad faith in

11 removal is required; a district court has discretion to award fees under the statute.  *See Gotro v.*

12 *R&B Realty Grp.*, 69 F.3d 1485, 1487 (9th Cir. 1995).  The Court finds that Plaintiff is entitled to

13 a conservative assessment for fees and costs.  Plaintiff has not yet filed any bill of costs or

14 attorney's fees motion.  Plaintiff may move for fees and costs pursuant to the Local Rules, and

15 the Court will then consider the appropriate amount of fees and costs.

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 14) is GRANTED and the case is REMANDED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 3) and the Motion to Amend (ECF No. 18) are DENIED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 18th day of October, 2012.

_____
ROBERT C. JONES
United States District Judge