# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| WMCV PHASE, LLC, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 2:12-cv-01454-RCJ-PAL |
| TUFENKIAN CARPETS LAS VEGAS, LLC et al., | ) | **ORDER** |
| Defendants. | ) | |

This removal case arises out of the alleged breach of a commercial lease. Defendants moved to dismiss, and Plaintiff moved to remand and to amend. The Court remanded for both statutorily improper removal and lack of subject matter jurisdiction (diversity was unclear) and denied the other motions for lack of jurisdiction. Plaintiff has now moved for an award of attorneys fees and costs incurred due to Defendants' improper removal. For the reasons given herein, the Court grants the motion in part.

## I.   PROCEDURAL HISTORY

A May 3, 2012 state court order recounts the complex procedural history of this case. (*See* Order, May 3, 2012, ECF No. 14, at 17). Plaintiff WMCV Las Vegas, LLC ("WMCV") filed the Complaint for breach of contract in state court against Tufenkian Import Export Ventures, Inc. ("TIEV") on June 26, 2009. (*Id.* 1). WMCV later filed the First Amended

Complaint ("FAC") in state court against Tufenkian Carpets Las Vegas ("TCLV"). (*Id.* 2). The state court entered a default judgment against TCLV in late 2010, and it amended the judgment in early 2011. (*Id.*). After discovering that TCLV was a shell entity for TIEV, Plaintiff filed the Second Amended Complaint ("SAC") in state court to add TIEV as a Defendant once again. (*Id.*). On December 22, 2011, Plaintiff filed the Third Amended Complaint ("TAC") in state court to add James Tufenkian ("Tufenkian") as a Defendant. (*Id.* 3). Plaintiff served TIEV and Tufenkian with the TAC before receiving leave of the state court to file the TAC. (*Id.*). Plaintiff filed a motion to amend in state court on February 6, 2012, requesting leave to plead claims for breach of the covenant of good faith and fair dealing, fraud, and alter ego against TIEV and Tufenkian. (*Id.*). The state court struck both the SAC and the TAC, (*see id.* 6), but permitted Plaintiff to file what Plaintiff had termed the "Third Amended Complaint" as the Second Amended Complaint, (*see id.*). The state court order was signed on April 25, 2012 and entered into the electronic docket on May 3, 2012.

Tufenkian removed the Second Amended Complaint on August 16, 2012, and all other Defendants consented to removal. In the Notice of Removal, Tufenkian averred that he had been served with the Summons and Second Amended Complaint through his counsel on July 30, 2012. (*See* Notice of Removal ¶ 5, Aug. 16, 2012). Plaintiff, however, alleged that it served both non-defaulted Defendants (Tufenkian and TIEV) with a copy of the Summons and TAC on January 11, 2012 more than thirty days before Tufenkian removed the Second Amended Complaint. (*See* Affs. of Service, Jan. 12, 2012, ECF No. 14, at 25–26). The Court ruled that because the state court had stricken the TAC, that version of the Complaint was not a "pleading," and the removal clock did not begin to run until Tufenkian was properly served with the Second Amended Complaint on July 30, 2012, which he removed within thirty days. The Court also ruled, however, that removal was improper under 28 U.S.C. § 1446. If the original Complaint was removable, then the thirty-day removal clock ran years ago under § 1446(b)(1). If the

Complaint only became removable upon amendment, however, § 1446(b)(3) restarted the thirty-day clock.  Still, § 1446(c)(1) prevented removal, because the original Complaint had been filed over one year earlier, removal of the Second Amended Complaint could only be supported upon diversity jurisdiction, and Plaintiff had not acted in bad faith.  The Court also ruled that there was doubt as to Plaintiff's citizenship and that the doubt had to be resolved against federal jurisdiction.  The Court therefore remanded for both lack of jurisdiction under § 1332(a) and improper removal under § 1446(c)(1).  In the motion to remand, Plaintiff also asked the Court to award it attorney's fees and costs for having to litigate the removal issue.  The Court granted that motion, pending Plaintiff's present motion listing its fees and costs.

## II.     LEGAL STANDARDS

Rule 54 requires an award of costs to a prevailing party and permits attorneys' fees to a prevailing party if provided for elsewhere (by statute, rule, or contract). *See* Fed. R. Civ. P. 54(d).  Local Rules 54-1 and 54-16 contain procedural and evidentiary requirements for fee awards.

Section 1447(c) permits fees and costs upon a successful motion to remand. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  "[A]ttorney's fees [under § 1447(c)] should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

## III.    ANALYSIS

The Court finds that Tufenkian had no objectively reasonable basis for removal.  Unlike in *Martin*, where the issue concerned uncertain case law concerning a calculation of the amount in controversy, *see id.* at 134–35, here, the application of the one-year rule under § 1446 was not in any objectively reasonable doubt.  The improper removal of this case required Plaintiff to file a motion to remand, to file an opposition to a motion to dismiss, and to file the present motion for fees and costs.  The filing of the motion to remand was reasonable, and Plaintiff is entitled to

related fees and costs.

Defendants argue first that removal was proper. The Court declines to reconsider. Again, Defendants argue that the one-year rule does not apply because the case was initially removable. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998). But the original action would not have been removable because of the doubt as to Plaintiff's citizenship. Defendants also misconstrue *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011). They cite that case for the proposition that the one-year rule does not apply to new defendants and that each new defendant gets a new 30-day clock without regard to the one-year rule. The case, however, only stands in relevant part for the proposition that each defendant gets his own 30-day clock to remove after being properly served, so that the failure of the first-served defendant to remove within thirty days will not defeat a later-served defendant's removal within thirty days of having been served. *See id.* 955–56. But that case did not concern the one-year rule. *See generally id.* The one-year rule can in fact prevent a later-sued defendant from receiving his own 30-day clock, which is why the rule is somewhat controversial. The bad faith exception to the one-year rule is the "safety measure" Congress has adopted to protect defendants who complain that they have been deprived of a 30-day clock. The Court has found no bad faith.

Second, Defendants argue that there is complete diversity because Plaintiff has admitted that the members of the Plaintiff LLC are Nevada citizens. But the Court examined the public records and found that there was serious doubt as to the citizenship of the Plaintiff LLC. It may be that the Plaintiff LLC simply does not know of what state(s) it is a citizen because of the many-layered ownership structure that the Court described in detail in the previous order. It is the objective facts that control citizenship and not Plaintiff's potentially erroneous "admission" that controls. The Court finds that there remains doubt as to Plaintiff's citizenship, and that doubt must be resolved against federal jurisdiction.

Third, Defendants argue that removable was not objectively unreasonable, but the Court

disagrees for the reasons given in the previous order. Nor does the Court find "unusual circumstances" barring fees.

Finally, Defendants ask the Court to order Plaintiff to disclose its members and their citizenship. But the Court already has this information, and it is not helpful. The Court recounted in the previous order that the public records indicate that there are at least five or six layers of LLC and LP ownership above Plaintiff, and that the trail runs cold at "International Market Centers GP, LLC," a Delaware LLC whose members' identities are not publically available. Removal was statutorily improper in any case, even if there were complete diversity.

As to the amount of fees, Plaintiff argues under the "lodestar" method that is generally used in calculating attorney's fees under "reasonable attorney's fees"-type fee-shifting statutes. However, § 1447(c) does not provide for "reasonable attorney's fees." Section 1447(c) provides for "actual expenses, including attorney's fees." This language indicates that a Plaintiff entitled to fees under § 1447(c) need not prove that his fees are "reasonable," but only that his fees constitute his "actual expenses . . . incurred as a result of the removal." *Cf. America's Servicing Co. v. Schwartz–Tallard*, 438 B.R. 313, 321 (D. Nev. 2010) (Navarro, J.) (ruling that § 362(k) of the Bankruptcy Code, unlike typical fee-shifting statutes providing for "reasonable" fees, provided for fees as a measure of damages directly, such that it was the amount actually incurred that controlled, not whatever amount the court believed was "reasonable"). Similarly here, § 1447(c) essentially provides for attorney's fees as a measure of damages incurred for having to litigate an improper removal. In other words, the question is whether the claimed fees are reasonably related to the improper removal, not whether the fees themselves are reasonable as to the amount charged per hour and other such considerations. Still, fees that are inflated beyond a practitioner's normal rates, or hours that are unreasonable in light of the difficulty of an issue, cannot be said to be incurred "as a result of the removal." Any such excess amount is incurred only as a result of avarice or inefficiency. In this sense, something like the traditional lodestar

considerations are appropriate, not as a lodestar per se, but as a limitation on fees under the statute to prevent abuse.

Here, Plaintiff's counsel has attested to have calculated the requested amount according to his usual rates. The Court finds that 31.2 hours of attorney labor for the motion to remand was excessive. The Court disagrees that the motion to remand was complex. The application of § 1446(c)(1) was fairly straightforward in this case. The Court assessed the pleadings, examined the record, conducted its own research, and drafted its opinion in approximately four hours. Experienced attorneys need not spend almost an entire workweek of labor on such a motion, including time spent communicating with the client and opposing counsel. The Court finds the customary rates of attorney labor ($155 and $250 per hour) to be reasonable but will award only one third of the requested fees due to an excessive amount of attorney labor.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney's Fees and Costs (ECF No. 30) is GRANTED in part. Attorney's fees are awarded in the amount of $2855.50, and costs are awarded in the amount of $704.14.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge